MEMORANDUM OPINION


Nos. 04-04-00089-CR & 04-04-00090-CR



Francisco TRUJILLO,


Appellant



v.



STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2003-CR-8454 & 2003-CR-7641


Honorable Mary Roman, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: September 22, 2004 


DISMISSED


 Pursuant to two separate plea bargain agreements, Francisco Trujillo pled nolo
contendere to possession with intent to deliver a controlled substance and driving while
intoxicated-third offense. He was sentenced within the terms of the plea bargain for each
charge. On January 14, 2004, the trial court imposed sentence and signed a certificate for
each case, stating as to each that this "is a plea-bargain case, and the defendant has NO right
of appeal." See Tex. R. App. P. 25.2(a). After Trujillo timely filed a general notice of appeal
for each case, the clerk sent copies of the certifications and notices of appeal to this court.
See Tex. R. App. P. 25.2(e). The clerk's records, which include the trial court's Rule
25.2(a)(2) certifications, have been filed. See Tex. R. App. P. 25.2(d). 

 "In a plea bargain case . . . a defendant may appeal only: (A) those matters that were
raised by written motion filed and ruled on before trial, or (B) after getting the trial court's
permission to appeal." Tex. R. App. P. 25.2(a)(2). The clerk's records, which contain a
written plea bargain for each charge, establish that the punishments assessed by the court do
not exceed the punishments recommended by the prosecutor and agreed to by Trujillo. See
Tex. R. App. P. 25.2(a)(2). The clerk's records do not contain written motions ruled on
before trial nor do they indicate the trial court granted Trujillo permission to appeal. The
trial court's certifications therefore accurately reflect that these are plea bargain cases and
Trujillo does not have the right to appeal. This court must dismiss an appeal "if a
certification that shows the defendant has the right of appeal has not been made a part of the
record." Tex. R. App. P. 25.2(d).

 On March 12, 2004, (1) and April 14, 2004, (2) we gave Trujillo notice that the appeals
would be dismissed unless amended certifications showing he has the right to appeal were
made part of the record within thirty days. See Tex. R. App. P. 25.2(d); 37.1; Daniels v.
State, 110 S.W.3d 174, 177 (Tex. App.-San Antonio 2003, interlocutory order) (en banc). 
Amended certifications showing Trujillo has the right to appeal have not been filed. We
therefore dismiss these appeals. Tex. R. App. P. 25.2(d). 

 

 Paul W. Green, Justice

Do Not Publish




1. Cause no. 04-04-00089-CR.
2. Cause no. 04-04-00090-CR.